UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
STANLEY DONALD,               )
          Plaintiff,          )
                              )
     v.                       )     C.A. No. 05-11417-WGY
                              )
JEFFREY M. HALL,              )
          Defendant.          )
```

MEMORANDUM AND ORDER

For the reasons stated below: 1) Plaintiff shall, within forty-two (42) days of the date of this Memorandum and Order, either pay the $250.00 filing fee for civil actions, or file a completed Application to Proceed Without Prepayment of Fees, accompanied by a certified prison account statement; and 2) Plaintiff is directed to show cause within forty-two (42) days why this action should not be dismissed for the reasons stated herein.

FACTS

On June 30, 2005, Plaintiff Stanley Donald, a prisoner in custody at the Souza-Baronowski Correctional Center (S.B.C.C.) in Shirley, MA., filed his self-prepared civil rights complaint pursuant to 42 U.S.C. § 1983, against Defendant Attorney Jeffrey M. Hall. Plaintiff alleges that Defendant Hall conspired with state officials to deprive him of his constitutional rights, by 1) breaching the Attorney-Client privilege, and 2) allowing racial discrimination of Plaintiff in the workplace. Compl. ¶¶ 4-5. Plaintiff also asserts violations of state law, and seeks compensatory and punitive damages.

With respect to his first claim, Plaintiff contends that in March 1994, he was falsely arrested and charged with rape and attempted murder, and in April 1994, those charges were dismissed by the District Attorney. Compl. ¶¶ 9-10. Plaintiff claims that Defendant Hall acted as his attorney in 1997 in negotiating a settlement with the police, in connection with the

criminal charges. Compl. ¶ 19. He claims that established an attorney-client relationship. Compl. ¶ 20. Plaintiff then claims that Defendant Hall, with "indifference" to that relationship, testified against the Plaintiff on April 9, 1999, in connection with another rape case. Plaintiff currently is contesting those rape charges. Compl. ¶ 21.

With respect to his second claim regarding racial discrimination in the workplace, Plaintiff states that in May 1997, he obtained employment from Defendant Hall, at Educators Publishing Service ("EPS"). He claims that while employed at EPS he was subjected to racial discrimination from his co-workers, in the form of racial slurs and interference with his ability to perform his work. He claims the Defendant failed to intervene when he was informed of such discrimination. Compl. ¶¶ 11-14. Plaintiff also claims that he informed the Defendant that several illegal aliens were working in the EPS warehouse, and he was told to mind his own business. Compl. ¶ 16. Plaintiff claims that as a result of the alleged discrimination, he admitted himself into a hospital. Compl. ¶ 17.

Accompanying his complaint, Plaintiff submitted an Application to Proceed Without Prepayment of Fees, along with an Affidavit of Indigency and a Motion to Waive Filing Fees. He also submitted an "Inmate Income Receipt" indicating his current prison balance.

## ANALYSIS

I.    <u>The Filing Fee</u>

A party bringing a civil action must either (1) pay the $250.00 filing fee when filing the complaint, or (2) file an Application to Proceed Without Prepayment of Fees. <u>See</u> 28 U.S.C. §§ 1914(a) (filing fees), 1915 (proceedings *in forma pauperis*). Where the plaintiff is a prisoner, an application for waiver of prepayment of the filing fee <u>must be accompanied by a document</u>

<u>certifying the amount of funds on deposit to the plaintiff's credit at his institution of incarceration</u>. 28 U.S.C. § 1915(a)(2) (emphasis added).

Plaintiff is advised that, unlike other civil litigants, prisoner plaintiffs are <u>not</u> entitled to a complete waiver of the $250 filing fee, notwithstanding the grant of *in forma pauperis* status. Rather, prisoner plaintiffs must pay the <u>full</u> amount of the filing fee, although such payments may be made in installments, payable through their prison accounts in accordance with the provisions of § 1915(b). Moreover, the obligation to pay the filing fee attaches at the time the Complaint is filed, and a subsequent dismissal or voluntary withdrawal of the Complaint does not release a prisoner plaintiff from payment obligations through his prison account statement.[1]

Here, Plaintiff has sought to proceed *in forma pauperis*, but has failed to file a certified prison account statement showing his prison transactions for the six months prior to the filing of this action (the statement provided does not contain this information). Accordingly, the Plaintiff's Application is deficient, and his Motion to Waive the Filing Fee is denied at this time, without prejudice to renew by filing a completed Application.

It is hereby ORDERED that Plaintiff shall, within forty-two (42) days of the date of this Memorandum and Order, either pay the $250.00 filing fee, or in the alternative, file a completed Application to Proceed Without Prepayment of Fees, accompanied by his certified prison

---

[1] Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), Title VIII of Pub. L. 104-134, 110 Stat. 1321-1375 (1996), the only issue for a court, presented with a prisoner complaint, is whether the filing fee must be paid "up-front," or whether the fee may be paid in installments through the inmate's prison account. <u>McGore v. Wrigglesworth</u>, 114 F.3d 601, 604 (6th Cir. 1997). "Even a voluntary dismissal of a complaint or an appeal does not eliminate a prisoner's obligation to pay the required filing fees. Section 1915(b)(1) compels the payment of the respective fees at the moment the complaint or notice of appeal is filed." <u>Id.</u> at 607; see also <u>In re Tyler</u>, 110 F.3d 528, 529-30 (8th Cir. 1997); <u>Jackson v. N.P. Dodge Realty Co.</u>, 173 F. Supp. 2d 951, 952 (D. Neb. 2001).

account statement, as required by § 1915.  The clerk is directed to provide a blank Application form to Plaintiff, along with a copy of this Order.

If Plaintiff submits the filing fee in its entirety, or if he files a completed Application to proceed *in forma pauperis*, he is also directed to demonstrate good cause, within forty-two (42) days, why this action should not be dismissed for the reasons stated herein.  If Plaintiff fails to submit a new application or to pay the filing fee, this action shall be dismissed without prejudice.

II.    Order to Treasurer's Office at S.B.C.C.

To the extent that the Superintendent or the Treasurer's Office at S.B.C.C. requires a Court Order to provide Plaintiff with his prison account statement, it is hereby ORDERED that:

> The Treasurer's Office at S.B.C.C., or any other facility housing the Plaintiff shall, upon request by Plaintiff, provide this Court with a certified copy of Plaintiff's prison account statement.  Such statement shall include balance information for the six (6) months preceding June 30, 2005 (date complaint was filed), and specifically include the following information: 1) the average monthly deposits to Plaintiff's prison account for that six (6) month period; and 2) the average monthly balance in Plaintiff's account for the six (6) month period immediately preceding June 30, 2005.

III.    Plaintiff's Complaint is Subject to Screening

Because Plaintiff is a prisoner, he is advised that he is subject to the provisions of the Prison Litigation Reform Act.  The Prison Litigation Reform Act of 1995 ("PLRA"), Title VIII of Pub.L. 104-134, 110 Stat. 1321-1375 (1996), enacted several provisions which grant this Court the authority to screen and dismiss prisoner complaints.  See 28 U.S.C. § 1915 (proceedings *in forma pauperis)*; 28 U.S.C. § 1915A (screening of suits against governmental officers and entities).

Section 1915 authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action lacks an arguable basis either in law or in fact, Neitzke v. Williams, 490 U.S. 319, 325 (1989), or if the action fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2). *In forma pauperis* complaints may be dismissed *sua sponte* and without notice under § 1915 if the claim is based on an indisputably meritless legal theory or factual allegations that are clearly baseless. Id.; Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

Additionally, § 1915A also authorizes the Court to review prisoner complaints in civil actions that seek redress from a governmental entity or officers or employees of a governmental entity and to dismiss the action regardless of whether or not the plaintiff has paid the filing fee, if it lacks an arguable basis in law or fact, fails to state a claim, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A.

In this case, even construing Plaintiff's pleadings generously, Haines v. Kerner, 404 U.S. 519, 520 (1972), this action is subject to dismissal for the reasons stated below.

IV.     Failure to State a Cognizable § 1983 Claim

Although Plaintiff asserts federal subject matter jurisdiction, he has failed to set forth cognizable federal claims to invoke such jurisdiction. Plaintiff purports to bring this action based on violations of federal civil rights law, however, his factual allegations do not support such claims and are therefore subject to dismissal for lack of jurisdiction and for failure to state a claim.

5

In order to state a cognizable §1983 claim, a plaintiff must allege (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that this conduct deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. Romero-Barcelo v. Hernandez-Agosto, 75 F.3d 23, 32 (1st Cir. 1996) (citing Rumford Pharmacy, Inc. v. City of East Providence, 970 F.2d 996, 998 (1st Cir. 1992)).

In the instant case, Plaintiff fails to meet this first prong. There is no indication that Defendant Hall was a state actor, either with respect to his actions as an attorney representing the Plaintiff, or with respect to his actions or inactions as an employer. Indeed, the allegations suggest otherwise, *i.e.*, that Defendant Hall's alleged actions were purely those of a private citizen.

It is "[o]nly in rare circumstances" that private parties can be viewed as state actors. Estades-Negroni v. CPC Hosp. San Juan Capestrano, 2005 WL 1273953 (1st Cir. May 31, 2005) citing Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992)   The First Circuit employs a three-part test to determine whether a private party can be characterized as a state actor: the state compulsion test, the nexus/joint action test, and the public function test. Estades-Negroni, 2005 WL 1273953 at *3 citing Rockwell v. Cape Cod Hospital, 26 F.3d 254, 257 (1st Cir. 1994) and Perkins v. Londonderry Basketball Club, 196 F.3d 13, 18-21 (1st Cir.1999).

"Under the state compulsion test a private party is fairly characterized as a state actor when the state 'has exercised coercive power or has provided such significant encouragement, either overt or covert, that the [challenged conduct] must in law be deemed to be that of the State.'" Estades-Negroni, 2005 WL 1273953 at *3 (quoting Blum v. Yaretsky, 457 U.S. 991 (1982)).  Under the nexus/joint action test, a private party can be characterized as a state actor

6

"where an examination of the totality of the circumstances reveals that the state has 'so far insinuated itself into a position of interdependence with the [private party] that it was a joint participant in [the challenged activity].'" Id. (quoting Bass v. Parkwood Hospital, 180 F.3d 234, 242 (5th Cir. 1999)).  Finally, under the public function test, a private party can be characterized as a state actor "if the plaintiff establishes that, in engaging in the challenged conduct, the private party performed a public function that has been 'traditionally the exclusive prerogative of the State.'" Id. (quoting Blum, 457 U.S. at 1005).

Here, Plaintiff has failed to allege any facts which would invoke any one of the three tests described above.  Plaintiff merely makes a bold allegation that Defendant Hall conspired with state officials by testifying.[2]  "Bare conclusory allegations of conspiracy are insufficient, and a complaint that fails to "plead in some detail, through reference to material facts, the relationship or nature of the cooperation between the state actors and private individuals...including how the conspiracy was made or "hatched", does not state a valid claim for conspiracy." Torres Rosado v. Rotger Sabat, 204 F. Supp. 2d 252, 268 (D. Puerto Rico, 2002) citing McGillidcuddy v. Clements, 746 F.2d 76 (1st Cir. 1984) (other citations omitted).

Accordingly, Plaintiff's § 1983 claims are subject to dismissal.

V.      Failure to State a Cognizable Federal Discrimination Claim

---

[2] The fact that Defendant was Plaintiff's lawyer at one time does not, in and of itself, make Defendant a state actor.  See Polk County v. Dodson, 454 U.S. 312, 316 (1981)(even though lawyer is referred to as an "officer of the court" he is not a state actor for purposes of § 1983).

Plaintiff has alleged discrimination in the workplace, and that Defendant was aware of the discrimination, however, he fails to provide any specific details to set forth a cognizable claim, pursuant to Rule 8(a) of the Federal Rules of Civil Procedure.[3]  He alleges he was hospitalized as a result of the discrimination, but does not indicate the nature, duration, or reason for the hospitalization, nor does he provide information regarding the current status of his employment.

In any event, to the extent that Plaintiff's allegations of discrimination in the workplace[4] are construed to raise claims falling within Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., ("Title VII"), and Chapter 151B of the laws of Massachusetts, Mass. Gen. Laws. ch. 151B, § 1, et seq. ("Chapter 151B"),  Plaintiff's claims are nevertheless subject to dismissal for failure to allege that he has properly exhausted his administrative remedies.

Under the administrative scheme created by Title VII of the Civil Rights Act of 1964

---

[3]Rule 8(a) of the Federal Rules of Civil Procedure requires a plaintiff to include in the complaint, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests," Rivera v. Rhode Island, 402 F.3d 27, 33 (1st Cir. 2005) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)), such that the defendant is afforded a "meaningful opportunity to mount a defense," Díaz-Rivera v. Rivera-Rodríguez, 377 F.3d 119, 123 (1st Cir. 2004) (quoting Rodríguez v. Doral Mortgage Corp., 57 F.3d 1168, 1172 (1st Cir. 1995)).  "In a civil rights action ..., the complaint should at least set forth minimal facts as to who did what to whom, when, where, and why." Educadores PuertorriqueZos en Acción v. Hernandez, 367 F.3d 61, 68 (1st Cir. 2004).  Although "the requirements of Rule 8(a)(2) are minimal ... minimal requirements are not tantamount to nonexistent requirements." Id.  (quoting Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988)).

[4]Plaintiff's mention that he reported to Defendant about illegal aliens at work.  This, without more, does not factually raise a retaliation claim.  Plaintiff has not asserted that he was adversely effected by making such statements, and the Court need not consider this claim further.

("Title VII"), 42 U.S.C. § 2000e, et seq. and Chapter 151B of Massachusetts law ("Chapter 151B"), Mass. Gen. Laws ch. 151B, § 1, et seq., a party generally must file his state-law based discrimination claims with the Massachusetts Commission Against Discrimination ("MCAD) and he must file the federal-law based claims with the Equal Employment Opportunity Commission ("EEOC") before filing a complaint in federal court.[5]  See 42 U.S.C. § 2000e-5(e)(Title VII); Mass. Gen. Laws ch. 151B §§ 5-9;  Bonilla v. Muebles J.J. Alvarez, Inc., 194 F.3d 275, 278 (1st Cir. 1999) (Title VII); Andrews v. Arkwright Mut. Ins. Co., 423 Mass. 1021, 1021, 673 N.E.2d 40, 41 (1996) (a plaintiff wishing to pursue a discrimination claim under § 151B must first submit a complaint to the MCAD within six months of the alleged unlawful conduct).

In states such as Massachusetts, which has its own state anti-discrimination agency and a "work-sharing" agreement with the EEOC, a charge filed with the EEOC is automatically referred to MCAD, the state agency, and claims filed with MCAD or the EEOC are effectively filed with both agencies." Seery v. Biogen, Inc., 203 F. Supp. 2d 35, 43 (D. Mass. 2002); see Davis v. Lucent Technologies, Inc., 251 F.3d 227, 230 n. 1 (1st Cir. 2001).[6]

Here, Plaintiff does not allege that he has filed a charge of discrimination with either the

---

[5]MCAD has offices at:  One Ashburton Place, Rm. 601, Boston, MA 02108-1518 (617) 727-3990 and 436 Dwight Street, Rm.  220, Springfield, MA 01103 (413) 739-2145.  The EEOC has a field office at the John F. Kennedy Federal Building, 475 Government Center, Boston, MA 02203 (617) 565-3200 or 1-800-669-400.

[6]In states without such as work-sharing agreement, an aggrieved party generally must initially her claims with the state commission first because it has exclusive jurisdiction for the first 60-days after the alleged discriminatory act.  See 42 U.S.C. § 2000(e)-5(c) (if state has anti-discrimination authority, no charge may be filed with EEOC by aggrieved party before the expiration of sixty days after proceedings have been commenced under the State or local law, unless such proceedings have been earlier terminated).

EEOC or MCAD, and therefore his claims are subject to dismissal.[7]  Although the filing of administrative charge is not a jurisdictional prerequisite to suit, a plaintiff may not circumvent the requirement, see Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982); Oscar Mayer & Co. v. Evans, 441 U.S. 750, 757 (1979).  Plaintiff's *pro se* status does not immunize him from this requirement.  See Lattimore v. Polaroid Corp., 99 F.3d 456, 464 (1st Cir. 1996) (*pro se* status does not relieve an employee of the obligation to meet procedural requirements established by law); cf. Street v. Vose, 936 F.2d 38, 39 (1st Cir. 1991) (*per curiam*) (*sua sponte* dismissal of expired claims of *pro se* plaintiff proper).

Accordingly, Plaintiff's discrimination claims are subject to dismissal.

VI.   Statute of Limitations as Bar

Even if this Court were to consider Plaintiff's § 1983 claims, such claims are subject to dismissal as barred by the three year statute of limitations applicable to civil rights actions.[8]

---

[7]Generally, if the EEOC dismisses an administrative charge or otherwise terminates proceedings, an aggrieved party claiming national origin or race discrimination has 90 days in which to file a civil action after the notice of termination.  See 42 U.S.C. § 2000e-5 (Title VII).  A person claiming employment discrimination pursuant to Chapter 151B may bring a civil action only at the expiration of 90 days after the filing of a complaint with the MCAD, or sooner if a commissioner assents in writing, but not later than three years after the alleged unlawful practice occurred.  See Mass. Gen. Laws ch. 151B, § 9.

[8]Although there is no specified Statue of Limitations for causes of action brought under federal civil rights laws, it is well settled that the applicable state Statute of Limitations is applied where the action is filed.  Thus, in federal civil rights cases filed in this District, the applicable statute of limitations is three years.  Nieves v. McSweeney, 241 F.3d 46, 52-53 (1st Cir. 2001) (§ 1983); Johnson v. Rodriguez, 943 F.2d 104, 107 (1st Cir. 1991) (§ 1981); Govan v. Trustees of Boston Univ., 66 F. Supp. 2d 74, 80 (D. Mass. 1999) (§§ 1981, 1985). See also Owens v. Okure, 488 U.S. 235 (1989); Wilson v. Garcia, 471 U.S. 261 (1985); Street v. Vose, 936 F.2d 38, 39 (1st Cir. 1991) (per curiam) (the Massachusetts three-year statute of limitations applies to § 1983

Again, Plaintiff does not provide information about his hospitalization which allegedly occurred due to the workplace discrimination, nor does he indicate the status of his employment with the Defendant. However, Plaintiff's allegations of misconduct by Defendant Hall all appear to be related to incidents which occurred in the 1997 through 1999. He claims the breach of the attorney-client privilege occurred by Hall's testimony in April 1999.

Thus, Plaintiff's claims are subject to dismissal as time-barred.

VII.    The State-Law Based Claims

Because Plaintiff's federal claim is subject to dismissal and grounds do not appear to exist for independent federal subject-matter jurisdiction over his state-law claims, this Court, in its discretion, would not exercise supplemental jurisdiction over any state law claims unless Plaintiff sets forth a cognizable federal claim in response to this Memorandum and Order. See 28 U.S.C. § 1367(a).

CONCLUSION

ACCORDINGLY, for the foregoing reasons, it is hereby ORDERED:

1. Within forty-two days (42) of the date of this Memorandum and Order, Plaintiff shall either pay the $250.00 filing fee, or he shall file an Application to Proceed Without Prepayment of Fees, accompanied by a certified prison account statement in accordance with 28 U.S.C. §1915(b). Upon request by Plaintiff, the prison Treasurer's Office is directed to provide such statement to the Court, in accordance with this Memorandum and Order; and

---

actions). Cf. Rodriguez-Garcia v. Municipality of Caguas, 354 F.3d 91, 96 (1st Cir. 2004) (§§ 1981, 1983, and 1985 borrow the forum state's statute of limitations for personal injury claims); M.G.L. c. 260, § 2A (three-year statute of limitations for personal injury claims).

2.  Plaintiff shall, within forty-two (42) days of the date of this order, show cause why this action should not be dismissed for the reasons stated herein.


Dated: July 21, 2005                    /s/ William G. Young
                                        WILLIAM G. YOUNG
                                        CHIEF, UNITED STATES DISTRICT JUDGE