UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STANLEY DONALD,<br>        Plaintiff, | )<br>)<br>) |
| v. | )   C.A. No. 05-11417-WGY<br>) |
| JEFFREY M. HALL,<br>        Defendant. | )<br>) |

FURTHER ORDER ON APPLICATION TO PROCEED
WITHOUT PREPAYMENT OF FEES

YOUNG, C.J.

By Memorandum and Order dated July 21, 2005, this Court directed Plaintiff to either pay the filing fee or file an Application to Proceed Without Prepayment of Fees, accompanied by a certified prison account statement in accordance with 28 U.S.C. §1915(b). Subsequently, Plaintiff filed an Application to Proceed *in forma pauperis* (#7), and on August 23, 2005, this Court granted the Plaintiff's Motion to Proceed *in forma pauperis* (#7), but did not assess the filing fee pursuant to 28 U.S.C. § 1915(b) pending review of the requisite prison account information.

Additionally, on August 23, 2005, this Court entered an electronic Order dismissing this action, for failure to state a federal cause of action against state actors within the applicable statute of limitation.

Notwithstanding the dismissal of this action, the Plaintiff shall be assessed an initial partial filing fee pursuant to 28 U.S.C. § 1915(b) for the reasons stated below.

Once a plaintiff prisoner commences an action seeking to proceed *in forma pauperis* pursuant to the Prison Litigation Reform Act ("PLRA"), as is the case here, the Court may not waive the filing fee obligation.

The PLRA is codified, *inter alia*, in 28 U.S.C. § 1915. Section 1915 provides for proceedings *in forma pauperis* and has "changed the meaning" of that term as it applies to prisoners. Wooten v. District of Columbia Metro. Police Dept., 129 F.3d 206, 207 (D.C. Cir. 1997). Pursuant to the PLRA, the only issue for a court presented with a prisoner complaint and a request for a fee waiver, is whether the filing fee must be paid "up-front," or whether the fee may be paid in installments through the inmate's prison account. McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir. 1997). "Even a voluntary dismissal of a complaint or an appeal does not eliminate a prisoner's obligation to pay the required filing fees. Section 1915(b)(1) compels the payment of the respective fees at the moment the complaint or notice of appeal is filed." Id. at 607 (emphasis added); see also In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997); Jackson v. N.P. Dodge Realty Co., 173 F. Supp. 2d 951, 952 (D. Neb. 2001).

The purpose of the PLRA –- to discourage prisoners from filing frivolous actions, Wooten, 129 F.3d at 207 -- would be undermined if a Court were to forego the assessment of the initial partial payment of the filing fee under § 1915(b) in this case, because such practice would allow or encourage a prisoner, unlike other litigants, to "test the waters" regarding the merits of any case, without the adverse financial consequences associated with the filing fee. The Plaintiff here has engaged the resources of the Court by filing a deficient Complaint and other deficient pleadings, which failed to set forth the subject matter jurisdiction of this Court. Thus, a filing fee -- which represents only a modest portion of the Court's cost of deploying its resources -- is a means to insure that resources are not consumed thoughtlessly. There is simply no basis to relieve the Plaintiff of the consequences of an improvident filing.

In light of the above, Plaintiff's obligation to pay the filing fee attached at the time of his

filing the Complaint in this Court, and he will not be permitted to avoid the payment of the full filing fee pursuant to the directives of the PLRA.

      Accordingly, notwithstanding the dismissal of this action, it is hereby ORDERED:

1.     Plaintiff is assessed an initial partial filing fee of **$36.66**, pursuant to 28 U.S.C. § 1915(b)(1).

2.     The remainder of the fee **$213.34** is to be assessed and collected in accordance with 28 U.S.C. § 1915(b)(2).

Dated: September 8, 2005

        /s/ William G. Young
        WILLIAM G. YOUNG
        CHIEF, UNITED STATES DISTRICT JUDGE