UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS No. C.A. 05-11417-WGY

Stanley Donald, Plaintiff

V.

Jeffrey M. Hall, Defendant.

---
### AFFIDAVIT OF STANLEY DONALD FOR RECONSIDERATI[ON] TO WAIVE PAYMENT OF FILING FEE, With Attachmen[ts]
---

Being duly sworn, I, Stanley Donald, deposes and says:

1.] On September 8, 2005, I was ordered by the U.S. District C[our]t to pay the filing fee for filing a complaint which did not s[tat]e a Federal claim. See(Attachment#1)

2.] I am now unable to pay the filing fee due to my destitute[.]

3.] I want to point out to the Court that the Department of C[orr.] has enacted a new statue M.G.L.c.124,§1(u), which assess a mo[nth]ly fee of $1.oo for money deposited into inmate accounts, and fo[r] money withdrawn from inmate accounts. See(Attachment#2)

4.] Now everytime my mother sends me $10.oo to buy soap, razor[s,] toothpaste, postage stamps, the DOC takes $1.00 for the $10.o[o] being deposited into my inmate account.

5.] Also, whenever monthly payments are withdrawn from my inm[at]e account the DOC takes $1.oo for that withdrawl.

6.] Further, I now have no funds and may never be able to pay the filing fee since my family and friends do not send me mo[ney] any more.

(AFFIDAVIT-Page#2)

7.] And any funds that I do receive is used for the purchase necessities such as soap, razors, stamps, etc., and to pay for a DNA test to prove me innocent in my pending criminal case which currently being review by the Appeals Court. See (Attachment#3)

8.] On September 14, 2005, I filed a motion to vacate order, and to waive payment of filing fee with all necessary documents for my proof of indigency, and destituted.

9.] Therefore, I plead with this U.S. District Court to reconsider its order to collect payment for filing fee, and issue an Order to waive collection of filing fee due to my unfortunate poor circumstances.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 16, DAY OF September, 2005.

*Stanley L. Donald*
Stanley L. Donald
S.B.C.C. #W66438
P.O. BOX 8000
Shirley, Mass 01464

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STANLEY DONALD,<br>   Plaintiff, | )<br>)<br>) |
| v. | )   C.A. No. 05-11417-WGY |
| | ) |
| JEFFREY M. HALL,<br>   Defendant. | )<br>) |

### FURTHER ORDER ON APPLICATION TO PROCEED
### WITHOUT PREPAYMENT OF FEES

YOUNG, C.J.

By Memorandum and Order dated July 21, 2005, this Court directed Plaintiff to either pay the filing fee or file an Application to Proceed Without Prepayment of Fees, accompanied by a certified prison account statement in accordance with 28 U.S.C. §1915(b). Subsequently, Plaintiff filed an Application to Proceed *in forma pauperis* (#7), and on August 23, 2005, this Court granted the Plaintiff's Motion to Proceed *in forma pauperis* (#7), but did not assess the filing fee pursuant to 28 U.S.C. § 1915(b) pending review of the requisite prison account information.

Additionally, on August 23, 2005, this Court entered an electronic Order dismissing this action, for failure to state a federal cause of action against state actors within the applicable statute of limitation.

Notwithstanding the dismissal of this action, the Plaintiff shall be assessed an initial partial filing fee pursuant to 28 U.S.C. § 1915(b) for the reasons stated below.

Once a plaintiff prisoner commences an action seeking to proceed *in forma pauperis* pursuant to the Prison Litigation Reform Act ("PLRA"), as is the case here, the Court may not

waive the filing fee obligation.

The PLRA is codified, *inter alia*, in 28 U.S.C. § 1915. Section 1915 provides for proceedings *in forma pauperis* and has "changed the meaning" of that term as it applies to prisoners. Wooten v. District of Columbia Metro. Police Dept., 129 F.3d 206, 207 (D.C. Cir. 1997). Pursuant to the PLRA, the only issue for a court presented with a prisoner complaint and a request for a fee waiver, is whether the filing fee must be paid "up-front," or whether the fee may be paid in installments through the inmate's prison account. McGore v. Wrigglesworth, 1 F.3d 601, 604 (6th Cir. 1997). "Even a voluntary dismissal of a complaint or an appeal does no eliminate a prisoner's obligation to pay the required filing fees. Section 1915(b)(1) compels the payment of the respective fees at the moment the complaint or notice of appeal is filed." Id. at 607 (emphasis added); see also In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997); Jackson v. N. Dodge Realty Co., 173 F. Supp. 2d 951, 952 (D. Neb. 2001).

The purpose of the PLRA — to discourage prisoners from filing frivolous actions, Wooten, 129 F.3d at 207 -- would be undermined if a Court were to forego the assessment of th initial partial payment of the filing fee under § 1915(b) in this case, because such practice woul allow or encourage a prisoner, unlike other litigants, to "test the waters" regarding the merits of any case, without the adverse financial consequences associated with the filing fee. The Plainti here has engaged the resources of the Court by filing a deficient Complaint and other deficient pleadings, which failed to set forth the subject matter jurisdiction of this Court. Thus, a filing fee -- which represents only a modest portion of the Court's cost of deploying its resources -- is means to insure that resources are not consumed thoughtlessly. There is simply no basis to relieve the Plaintiff of the consequences of an improvident filing.

In light of the above, Plaintiff's obligation to pay the filing fee attached at the time of h filing the Complaint in this Court, and he will not be permitted to avoid the payment of the full filing fee pursuant to the directives of the PLRA.

Accordingly, notwithstanding the dismissal of this action, it is hereby ORDERED:

1. Plaintiff is assessed an initial partial filing fee of **$36.66**, pursuant to 28 U.S.C. § 1915(b)(1).

2. The remainder of the fee **$213.34** is to be assessed and collected in accordance with 28 U.S.C. § 1915(b)(2).

Dated: September 8, 2005

/s/ William G. Young
WILLIAM G. YOUNG
CHIEF, UNITED STATES DISTRICT JUDGE



*The Commonwealth of Massachusetts*
*Executive Office of Public Safety*
*Department of Correction*
*50 Maple Street, Suite 3*
*Milford, Massachusetts 01757-3698*
*(508) 422-3300*
*www.mass.gov/doc*

**Mitt Romney**
Governor

**Kerry Healey**
Lieutenant Governor

**Edward A. Flynn**
Secretary

**Kathleen M. Dennehy**
Commissioner

**James R. Bender**
Acting Deputy Commissioner

TO: All Inmates

FROM: Kathleen M. Dennehy
Commissioner

RE: Inmate Account, Maintenance and Administration Fees

DATE: August 31, 2004

---

A recently enacted statute M.G.L. c.124, §1(u), mandates that the Commissioner of Correction adopt policies and procedures establishing reasonable fees for maintenance and administration of inmate accounts maintained at any state correctional facility. Accordingly, the following procedure will be effective October 4, 2004.

Pursuant to M.G.L. c.124, §1(u), inmates shall be assessed reasonable fees for the maintenance and administration of their inmate accounts. Fees as specified shall be deducted from inmate personal accounts that meet the criteria established below.

1. A monthly fee of $1.00 will be assessed if an account has had activity during that calendar month. "Activity" shall be defined as execution of any one of the four following transactions within a calendar month:

    - **ML-Mail:** a transaction utilized to record the receipt of income received via mail.
    - **VI-Visitation:** a transaction processed to record the receipt of income received via a visit.
    - **IT-Intake:** a transaction processed to record the receipt of income received during intake.
    - **EX-External Disbursement:** a transaction processed to disburse a check from the inmate's account.

    The activity fee will only be assessed once per month regardless of the quantity of transactions executed during the month. The activity fee will not exceed $1 for any calendar month and will not be assessed for any other transaction other than those listed above, i.e. no fee will be charged for the placement of a canteen order or the issuance of inmate payroll. If none of the above-mentioned four transactions are executed during a partial or full calendar month, no activity fee will be charged.

2. A fee of $1.00 shall be assessed for <u>each</u> check for which a stop payment request is executed.

Thank you for your attention to this matter.

Printed on Recycled Paper

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS                           SUPERIOR TRIAL DEPART.
                                        CAMBRIDGE
                                        CRIMINAL DOCKET 1997-2366

COMMONWELATH

v.

STANELY DONALD

### AFFIDAVIT

I, Gregory D. Oberhauser, state following in support of the attached motion in support of this motion:

1. I have been appointed to represent Mr. Stanley Donald.

2. I have read the complete transcript of the trial of Mr. Stanley Donald beginning in April 5 through 28, 1999.

3. In reviewing this case, it is very apparent even with the care the trial Judge took, even stating that this is a case of identification.

4. As alluded to in the Motion and Memorandum that issues were presented. Three distinct issues were raised:

   A. Based on the evidence produced at Grand Jury, the fact of a rape kit was performed at Beth Israel and Southwood Hospital.

      1. From this information, a Motion was allowed to drawing of the blood from the Defendant, Mr. Stanley Donald. 8/20/98

   B. During the trial, DNA evidence was presented on two samples taken from Ms. Whitmore's panties.

      1. The sample of sperm from said underwear was tested. This result was not inclusive nor exclusive, just that he could be one out of 7,800 individuals.

      2. Saliva found on the same panties was tested. This ruled out that Mr. Donald was not the donor of the saliva found on the victim's panties.

  C. Finally, prosecution witness, Roushi Sahagan, stated that she saw a suspect, a black man, 5' 9" in the garage just before the alleged attack.

5. The evidence in this case has been secured by a Protection Order granted by Judge Barton on 10/7/99.

6. Technology and innovation in the scientific field especially in the area of DNA has improved greatly in this field.

7. The Defendant has located two (2) distinct and separate facilities who can and will perform further DNA testing.

8. Since the DNA was tested in 1998 by Cellmark Diagnostics, it is known that they did not conduct a test on nor perform Y testing.

Signed under the pains and penalties of perjury this ___ day of December, 2004.

                _____
                Gregory D. Oberhauser

# Commonwealth of Massachusetts
## County of Middlesex
## The Superior Court

CRIMINAL DOCKET# **MICR1997-02**

RE: **Commonwealth v Donald, Stanley**

TO: Gregory D Oberhauser, Esquire
10 George Street
Suite 220
Lowell, MA 01852

## CLERK'S NOTICE

This is to notify you that in the above referenced case the Court's action on 08/09/2005 is as follows:

Motion by Deft: for Funds for Medical Expert (sent to Judge Lauriat)

**Motion (P#225) Upon further review, and in light of the arguments and procedur and substantive history set forth in the Commonwealth's opposition papers, the Court's order dated 4-27-05 allowing this motion is hereby vacated, and the motion is denied (Lauriat,J)**

Dated at Cambridge, Massachusetts this 10th day of August, 2005.

Edward J. Sulliva
Clerk of the Cour

Location: Rm 10B (Cambridge)

**Disabled individuals who need handicap accommodations should contact the Administrative Office of the Superior Court at (617) 788-8130**